NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORTHSTAR LITIGATION TECHNOLOGIES, LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>TYSON FOODS, INC.,<br><br>　　　　　　　　Defendant. | **OPINION**<br><br>Civ. No. 11-5856 (WHW) |

**Walls, Senior District Judge**

    Defendant Tyson Foods, Inc. moves to set aside entry of default entered against it on November 8, 2011. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the motion is decided without oral argument. Defendant's Motion to Set Aside/Vacate Entry of Default is granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

    This case arises out of litigation support services that Plaintiff Northstar Litigation Technologies, LLC, a company in Roseland, New Jersey, provided to Defendant Tyson Foods Inc., a company in Springdale, Arkansas. Compl. ¶ 1. Defendant allegedly accepted and agreed to pay for Plaintiff's services provided from February 2010 to May 2010. Id. ¶¶ 2-3. Plaintiff alleges that it performed all work requested by Defendant. Id. ¶ 9. Defendant made three payments to Plaintiff for services rendered. Id. ¶¶ 5-8. On May 20, 2010, Plaintiff submitted invoice #101066 to Defendant in the amount of $300,906.23. Id. ¶ 7. Plaintiff alleges that on

**NOT FOR PUBLICATION**

January 6, 2011, Defendant paid Plaintiff $95,000.00, leaving an outstanding balance of $195,906.23, which Plaintiff alleges that Defendant refuses to pay despite several attempts by Plaintiff to collect. Id. ¶¶ 8-9.

On August 30, 2011, Plaintiff filed suit against Defendant in the Superior Court of New Jersey, Law Division, Essex County, alleging breach of contract. Id. at 1, 3. Defendant received and signed for the Complaint on September 13, 2011. Request to Enter Default, Ex. B. On October 7, 2011, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1331 and 1441, *et. seq.* Not. of Removal 1. On November 8, 2011, Plaintiff requested that the Clerk enter default against Defendant for failing to appear or otherwise respond to the Complaint pursuant to Fed. R. Civ. P. 55(a). Request to Enter Default; Aff. of David M. Freeman ¶ 4. The Clerk entered default against Defendant on November 9, 2011. Defendant on November 14, 2011, filed a Motion to Set Aside Entry of Default pursuant to Fed. R. Civ. P. 55(c). Plaintiff's attorney, David M. Freeman, has consented to Defendant's application to vacate default and has not otherwise responded to Defendant's motion. Mot. to Set Aside Entry of Default ¶ 15.

## STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure allows a court to set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). The decision to grant a motion to set aside default is left to the discretion of the district court. Bailey v. United Airlines, 279 F.3d 194, 204 (3d Cir. 2002). In reviewing such a motion, the court must consider: "(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a *prima facie* meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions." Emasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987). The Third Circuit disfavors defaults, and prefers "doubtful cases to be resolved in favor

**NOT FOR PUBLICATION**

of the party moving to set aside the default . . . so that cases may be decided on their merits." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984) (quotations omitted).

## DISCUSSION

Good cause exists to set aside the entry of default for Defendant. First, lifting the default will not prejudice the plaintiff. See Emasco Ins. Co., 834 F.2d at 73. Sufficient prejudice includes hindrance of a plaintiff's ability to pursue its claim or loss of relevant evidence. Id. at 74. Pursuant to Fed. R. Civ. P. 81(c)(2)(c), Defendant had up to "7 days after the notice of removal [was] filed[1]," or until October 14, 2011, to answer or otherwise respond to the complaint. By the time of Defendant's November 14, 2011 motion to vacate entry of default, its answer was one month late. This delay is not long enough to have hindered Plaintiff's ability to prosecute or have led to a loss of evidence. See Foy v. Dicks, 146 F.R.D. 113, 115-118 (E.D. Pa. 1993) (vacating entry of default where defendant filed answer over seven weeks after served with complaint). That Plaintiff does not oppose vacating the entry of default further supports that lifting the default will not prejudice Plaintiff. See Mot to Vacate Entry of Default ¶ 16.

Second, Defendant has a *prima facie* meritorious defense to this action. A meritorious defense is one that, "if established on trial, would constitute a complete defense to the action." U.S. v. $55,518.05 in U.S. Currency, 728 F.3d 192, 195 (3d Cir. 1984). In defense to Plaintiff's allegation of breach of contract and unjust enrichment, Defendant argues that it "is not in privity

---

[1] Fed. R. Civ. P. 81(c)(2) provides that:
  "A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:
  (A) 21 days after receiving – through service or otherwise – a copy of the initial pleading stating the claim for relief;
  (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or
  (C) 7 days after the notice of removal is filed

**NOT FOR PUBLICATION**

to the cont[r]act with the Plaintiff" and that, "if [Defendant] is liable under the contract, the amount sought by Plaintiff is three times as much as the estimate quoted to them." Mot. to Set Aside Entry of Default ¶ 12. Defendant has set forth specific facts "beyond simple denials or conclusory statements" from which the Court can determine the basis for validity of its defense. $55,518.05 in U.S. Currency, 728 F.3d at 195.

Third, Defendant's default is not the result of culpable conduct. Culpable conduct in the context of Rule 55(c) must constitute "willfulness" or "bad faith," rather than "mere negligence." Hritz v. Woma Corp., 732 F.2d 1178, 1182-83 (3d Cir. 1984). Defendant's default here appears to be due to negligence on the part of its attorney, who asserts that he "did not intentionally, willfully, or recklessly fail to file a response to Plaintiff's complaint." See Mot. to Set Aside Entry of Default ¶ 13. Defendant's counsel asserts that he has prepared a response which is ready to be filed as soon as the entry of default is vacated. Id.

Fourth, alternative sanctions would not be effective here. Plaintiff has consented to vacating the entry of default and all other factors weigh in favor of vacating the default. Alternative sanctions, such as imposing a monetary sanction on Defendant to compensate Plaintiff for any effort in opposing Defendant's motion, are not appropriate.

## CONCLUSION

Defendant's Motion to Set Aside/Vacate Entry of Default is granted.


s/ William H. Walls<br>United States Senior District Judge